**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | NO. 07 CR 263 |
| | ) | Judge Rebecca Pallmeyer |
| **ANDRE SPARKMAN** | ) | |

**ANDRE SPARKMAN'S PSI COMMENTARY**
**AND SENTENCING MEMORANDUM**

Defendant ANDRE SPARKMAN, by his attorney, Thomas C. Brandstrader, submits the following commentary and sentencing position, and offers the following:

The defendant, ANDRE SPARKMAN, is a forty five year old heroin addict who supported himself and his drug habit of twenty years by selling drugs on his neighborhood street corner for Victor Thompson. He did it not to get rich, buy fancy cloths or a new car; he did it to put heroin in his veins every day. When arrested in this cause, he cooperated with the government and testified to his knowledge of criminal activity before the grand jury. Mr. Sparkman respectfully requests this Honorable Court to find the recommended sentence of 72 months to be reasonable and sufficient to meet the federal sentencing scheme objectives.

**PSI COMMENTARY**

**Drug Quantity**

The defendant agrees with the government that the base offense level of 36 is the most accurate and quantifiable drug amount for which he should be held accountable. It is the amount agreed upon by the parties in the plea agreement. This is the amount averred by the defendant himself and sold while he was physically present and working for the Thompson Drug Trafficking

Organization. He was a low level seller who worked for the specific purpose of acquiring drugs to ingest on a daily basis and this amount is the most accurate available.

**Defendant's Adjusted Offense Level and 11 (c) (1)(C) Agreement**

The defendant disagrees with the two level enhancement sought and set out by the Probation Department and now adopted by the government. This enhancement is not and was not set out in the plea agreement. The defendant never possessed a weapon. In his proffer and statement he averred that he saw one of the conspirators (Denton) with a weapon from time to time but he himself never employed one while he sold drugs on the corner for Victor Thompson. Sparkman was never in actual possession of a weapon while selling drugs on the corner to support his heroin habit. The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied *if the weapon was present,* unless it is clearly improbable that the weapon was connected with the offense. *U.S. v Martin 287 F3d. 609 (2002)* The enhancement should and does not apply. Further, the governments' post plea agreement position on this issue is inconsistent with its agreement that Mr. Sparkman is safety valve eligible as "possession of a weapon" during the offense would negate that eligibility.

**Guideline Calculation**

The plea agreement calls for a base offense level of 36 based on the amount of narcotics for which Mr. Sparkman should be held accountable.

Mr. Sparkman accepted responsibility for his part in the offense and timely apprised the government of his intent to plead guilty. He cooperated immediately upon arrest and testified about his knowledge of criminal activity. His grand jury statement is attached to the plea agreement previously filed with the Court. The offense level should be reduced by three to 33.

All parties agree that Mr. Sparkman is eligible for a safety valve reduction. The offense level should be reduces by two points to 31.

This results in an offense level of 31 with one criminal history point which results in a range of 108-135 months. There is a minimum mandatory sentence of one hundred and twenty months attached to the offense for which Mr. Sparkman pled guilty. The defendant, of course, acknowledges that the plea agreement calls for the Government to move, pursuant to $5K.1.1 and 18 U.S.C. $3553 (e), to depart from the applicable guideline range and the statutory minimum sentence and the parties agree to a recommended sentence of 72 months.

**Alleged Inconsistency in the Recollection of Events**

Mr. Sparkman takes issue with the Government's categorization of his recollection and retelling of events involving his sister and the Thompson Drug Organization. Mr. Sparkman's position has been clear from the beginning. His sister, Caroline, was a dupe for Victor Thompson. Thompson used her to run his errands and do his bidding. It if further clear that in his grand jury statement he said that after Caroline's arrest on state charges for possession of drugs found in her bedroom, he (Sparkman*) was unaware of what she did for Thompson as she (Caroline) did not confide in her brother* on any level and kept to herself. (Grand Jury statement page 16) Mr. Sparkman has told the government in proffer that Caroline never supplied him with drugs and that he got his drugs to sell (and to use) from Victor Thompson and Sean Denton. He specifically remembers times when he was sick from his drug use and his sister refused to give or get any drugs for him. The passage quoted in the government position paper to support the alleged inconsistency of Andre Sparkman is at best ambiguous and does not belie anything that Mr. Sparkman now recalls or has stated in proffer or to the grand jury.

**SENTENCING POSITION**

Post *Booker*, a court has significantly more freedom than before *Booker* to an appropriate sentence. *United States v. Baker, 445 F.3d. 987 (2006).* Under *Booker,* the sentencing guidelines are merely advisory, they are simply one factor among several that the sentencing court must consider in fashioning a sentence that is "sufficient but not greater than necessary" to achieve the purpose of sentencing set forth in 18 U.S.C. Section 3553(a). Factors such as the nature, circumstances and history of the defendant are now matters that the sentencing body by the authority of Section 3553 is allowed to consider. *U.S v Rita 127 S.Ct. 2456 (2007)* The defendant, Andre Sparkman, respectfully prays that the Court find that the sentence as agreed upon by the parties in the recorded plea agreement of 72 months would meet the above sentencing objective and comply with the goals of sentencing set forth in 18 U.S.C $3553 (a)(2).

**SECTION 3553 (a) Factors**

The primary directive of Section 3553(a) is that the court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. *Gall v U.S. 128 S. Ct. 586 (2007)* The court in determining the particular sentence to be imposed shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from future crimes of the defendant;
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for the applicable category of offense;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994 a)(2) in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentencing disparities;

(7) the need to provide restitution to any victims.

***The need to provide the defendant with necessary treatment/training.***

Mr. Sparkman requests the Court to consider his need and the necessity of drug treatment as a life long heroin user. Andre Sparkman is a forty five year old heroin addict who supported himself and his drug habit of twenty years by selling drugs on his neighborhood street corner for Victor Thompson. He did it not to get rich, buy fancy cloths or a new car; he did it to put heroin in his veins every day. Further, since incarceration Mr. Sparkman has been diagnosed as being diabetic and takes medication daily for this condition. Since the start of the present incarceration Mr. Sparkman has experienced his first sustained period of sobriety in two decades and is intent on maintaining that sensation .

Mr. Sparkman respectfully directs the Courts attention to recent developments in the area of alternatives to incarceration based on drug rehabilitation. The Sentencing Commission in January of 2010 voted to issue for comment a proposed amendment expanding the court's authority to impose an alternative to incarceration for drug offenders who need treatment for drug addiction and who meet certain criteria. The proposed amendment creates a new guideline that gives the court the authority to impose a sentence of probation with a requirement that the offender participate in a substance abuse treatment program. The defendant receiving such a sentence must be a willing participant in the program and must have committed the offense while addicted to a controlled

substance. In addition, the offender must have committed a lower-level offense, and the offender must meet the "safety valve" criteria as specified in the sentencing guidelines.

Mr. Sparkman has agreed to the recommended sentence of 72 months as set out in the plea agreement. Mr. Sparkman is not asking the Court to consider a probationary sentence as his disposition but points to the proposed amendment as an example of the current thrust and trend in the federal sentencing scheme. In another set of circumstances the argument could certainly be made that Mr. Sparkman and his addiction was of the type to be addressed by the proposed amendment to the Sentencing Guideline.

**Powder and Crack Cocaine Disparity**

Mr. Sparkman would also ask the Court to consider recent developments in the disparity between sentences imposed for offenses involving powder cocaine and crack cocaine. The sentencing court is allowed to reject such disparity based on a policy disagreement with the Guidelines. *Spears v United States, 555 U.S._____(2009)* Under current law an individual who sells 50 grams of crack cocaine is sentenced to same ten year mandatory minimum as one who sells 5,000 grams of powder cocaine. Recently a bill has been introduced and passed by the United States Senate that would reduce the powder/ crack disparity to 18:1 (as opposed to the current 100:1 ratio). (Senate Bill 1789 March 10, 2010) The Sentencing Court is certainly entitled to weigh this issue in determining the appropriate sentence.

**CONCLUSION**

The goal here is to impose a sentence that is sufficient, but not greater than necessary to achieve the purposes of sentencing. Mr. Sparkman believes and respectfully asks the Court to find that the agreed upon sentence set out in the recorded plea agreement accomplishes that goal. By reaching this goal, it is submitted that a message is sent of honest sentencing, of fairness and compassion, of strength and accountability, as well as of the firm hand of justice. This combination not only protects the public from future crimes, but it teaches a sense of trust in our justice system, which in turn promotes respect for the law.

Respectfully submitted,

*/s/ Thomas C. Brandstrader*
Attorney for Sparkman
53 W. Jackson Blvd. Suite 615
Chicago IL. 60604
312 332 5297

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she caused the above Sentencing Memorandum to be filed electronically and served on Rachel Cannon, Assistant U.S. Attorneys, 219 South Dearborn Street, Chicago, IL, 60604, and the U.S. Probation Department on April 5, 2010.

*/s/ Thomas C. Brandstrader*